UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES JUDSON HOLBROOK,

                  Petitioner,                  Case No. 2:15-cv-131

v.                                       HON. R. ALLAN EDGAR

CATHERINE BAUMAN,

                  Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to Magistrate Judge Timothy P. Greeley's Report and Recommendation ("R&R") that the petition for writ of habeas corpus be dismissed because it is barred by the one-year statute of limitations. ECF No. 13. Petitioner does not argue that he filed his petition timely, that he is entitled to equitable tolling, or allege any facts or circumstances that would show actual innocence.[1] Petitioner merely states that he is entitled to the miscarriage-of-justice exception because he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931–32 (2013); *Schlup v. Delo*, 513 U.S. 298 (1995).

However, as Judge Greeley notes in his R&R, Petitioner has not established that he is actually innocent, or provided new evidence of his innocence. Instead, Petitioner filed various letters, objections, affidavits, and supplements that in no way suggest that he is actually innocent.

Accordingly, Magistrate Judge Greeley's R&R is **APPROVED AND ADOPTED** as the Opinion of the Court. ECF No. 13. The petition is **DISMISSED** as barred by the one-year statute of limitations. ECF No. 1. Petitioner's motion to produce, ECF No. 33, and motion to appoint counsel, ECF No. 37, are denied as moot. **IT IS ORDERED** that a certificate of appealability is denied. A judgment consistent with this Order will be entered.

      **SO ORDERED**.

Dated:      1/6/2016                  */s/ R. Allan Edgar*
                                         R. Allan Edgar
                                         United States District Court Judge

---

[1] Petitioner does ask the Court to consider his current petition timely based on a previously filed habeas petition that was dismissed without prejudice for failure to pay the filing fee, 1:13-cv-663. The previously dismissed petition does not entitle Petitioner to tolling, nor does his other habeas petitions dismissed without prejudice for failure to pay the failing fee or for lack of prosecution. *See* 1:14-cv-890; 2:15-cv-56.